IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS McNICKLES,<br>TDCJ-CID NO. 1388721,<br><br>  Plaintiff,<br><br>v.<br><br>JONATHAN AMARAL, et al.,<br><br>  Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-12-3692 |

**MEMORANDUM OPINION AND ORDER**

Carlos McNickles, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), sues TDCJ-CID officials Sergeant Jonathan Amaral, Captain Jim Pittcock, Nurse Sandra Hunt, Nurse Virginia Lovell, and CO Matthew Bazan under 42 U.S.C. § 1983. McNickles claims that he was wrongly punished in a prison disciplinary proceeding and denied property in retaliation for filing lawsuits.

### I.  Claims and Allegations

McNickles claims that he has been subjected to a false disciplinary charge and confiscation of his property after he filed civil rights lawsuits in 2009 and 2012. In Plaintiff's More Definite Statement he states that he submitted a civil lawsuit against Rick Thaler and other TDCJ-CID officials in 2009, which was filed on January 15, 2010 (Docket Entry No. 10, pp. 2-3).

McNickles further states that the suit is still pending although he asserts that he did not receive any disciplinary cases or any other harassment until he filed a second civil rights complaint on August 23, 2012. McNickles v. Isbell, No. H-12-2534 (S.D. Tex.) (Docket Entry No. 10, p. 2).

McNickles alleges that Sergeant Amaral woke him at 1:00 a.m. on October 15, 2012, and escorted him to a non-contact visitation room for drug testing (Docket Entry No. 1, p. 4). He further alleges that Segeant Amaral told him the testing was ordered based on information seen on McNickles' Facebook page (Docket Entry No. 1, p. 6). McNickles states that his family maintains the social media site for him. Id. McNickles questions the validity of a Facebook page entry as the basis for prisoner drug testing (Docket Entry No. 10, p. 1).

McNickles alleges that he was on medication at the time of the test. Id. Consequently, the results showed a false positive and a disciplinary report was written against him. Id. McNickles asserts that Nurses Hunt and Lovell gave erroneous information indicating that he was not on any medication that would result in a false positive (Docket Entry No. 1, p. 7). McNickles asserts that the nurses made the false report in retaliation for the suit he filed against their colleagues in the medical department. Id.; Docket Entry No. 10, p. 2. See McNickles v. Isbell, No. H-12-2534.

McNickles alleges that Sergeant Amaral conspired with Captain Pittcock to coerce him to "snitch" against other inmates. When

McNickles refused to cooperate the officers threatened to take away 300 days of good-time credits, place him in solitary confinement for fifteen days, and demote him from State Approved Trustee 3 to Line Class 2 (Docket Entry No. 1, p. 6). Thereafter, McNickles was found guilty of a disciplinary infraction and was assessed the above punishments in addition to 45 days of loss of commissary and recreation (Docket Entry No. 10, p. 3). When McNickles appealed the disciplinary action the result was overturned and expunged from his record (Docket Entry No. 1, p. 6). He was restored to his former status and returned to general population. Id. However, McNickles complains that the disciplinary proceedings prevented him from being eligible for an eighteen-month, faith-based program called Innerchange (Docket Entry No. 10, p. 2). It also harmed his chances for parole because the program would have improved his standing. Id.

While McNickles was being tested Officer Bazan and another officer named Flowers were ordered to search his cell area and take his property to the Security Threat Group (STG) Office (Docket Entry No. 1, p. 4). He alleges that Bazan either lost or stole his property, which consisted of food items, some thermal clothing, and a set of headphones worth a total of $75.00 (Docket Entry No. 1, p. 7; Docket Entry No. 10, p. 3). McNickles states that he filed grievances seeking reimbursement for the lost items but that the grievances were denied based on lack of evidence (Docket Entry No. 10, p. 4). McNickles complains that the facts were not fully

investigated and that he was wrongly denied compensation (Docket Entry No. 1, p. 8).

McNickles contends that the defendants' actions against him were done in retaliation for the prior lawsuits he had filed. He seeks compensatory damages from each of the defendants in their individual capacities (Docket Entry No. 1, p. 8).

## II.   Standard of Review for Prisoner Complaints

Because McNickles is incarcerated his complaint is subject to the Prison Litigation Reform Act (PLRA), which mandates the dismissal of a prisoner's civil rights complaint if the district court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009).

In the IFP context, review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Hale v. King, 642 F.3d 492, 498 (5th Cir. 2011). Under this standard "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A prison inmate's pleadings are evaluated using "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

-5-

### III. <u>Analysis</u>

McNickles contends that the disciplinary action taken against him and the seizure of his property were done in retaliation for lawsuits he had filed. "The purpose of allowing inmate retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights." <u>Morris v. Powell</u>, 449 F.3d 682, 686 (5th Cir. 2006), <u>citing</u> <u>Crawford-El v. Britton</u>, 118 S. Ct. 1584, 1592 n.10 (1998). However, courts are wary of such allegations because of the potential for prisoners to fabricate retaliation claims in response to unfavorable decisions by prison authorities. <u>See</u> <u>Adeleke v. Fleckenstein</u>, 385 F. App'x 386, 387 (5th Cir. 2010), <u>citing</u> <u>Woods v. Smith</u>, 60 F.3d 1160, 1161 (5th Cir. 1996); <u>Colon v. Coughlin</u>, 58 F.3d 865, 872 (2d Cir. 1995). In order to assert a retaliation claim, the prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." <u>McFaul v. Valenzuela</u>, 684 F.3d 564, 578 (5th Cir. 2012), <u>quoting</u> <u>Jones v. Greninger</u>, 188 F.3d 322, 324-25 (5th Cir. 1999).

Causation requires a showing that "but for the retaliatory motive the complained of incident . . . would not have occurred." <u>MacDonald v. Steward</u>, 132 F.3d 225, 231 (5th Cir. 1998), <u>quoting</u> <u>Johnson v. Rodriguez</u>, 110 F.3d 299, 310 (5th Cir. 1997). In other words, the prison inmate must either produce direct evidence of motivation or show that but for some retaliatory motive the

complained of incident would not have happened. Allen v. Thomas, 388 F.3d 147, 149 (5th Cir. 2004), citing Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995)). The court must also consider whether the plaintiff has shown that the defendant's adverse act caused him to suffer an injury that would "chill a person of ordinary firmness from continuing" to exercise the protected right. Izen v. Catalina, 398 F.3d 363, 367 (5th Cir. 2005).

Temporal proximity between the exercise of a protected right and the alleged retaliatory act is an important factor in determining whether the defendant had an incentive to retaliate. Piercy v. Maketa, 480 F.3d 1192, 1198 (10th Cir. 2007), citing Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999); O'Neal v. Ferguson Constr. Co., 237 F.3d 1248, 1253 (10th Cir. 2001). McNickles' reference to the 2010 lawsuit and his vague allegation that the defendants may have been motivated to retaliate against him for filing it provide little support for his claim that the disciplinary action and search were retaliatory. See Brady v. Houston Independent School District, 133 F.3d 1419, 1424 n.7 (5th Cir. 1997) (the nearly eighteen-month period between the plaintiff's testimony and the date that access to her computer work station was restricted, without more, indicated that a retaliatory motive was unlikely). To establish that such a remote act was a motive for retaliation, McNickles must present other facts showing that the defendants' actions were motivated by an intentional act against McNickles for filing the suit. Piercy, at 1198-99; Dowe v.

Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998). McNickles presents no helpful facts, and he asserts that no disciplinary action was taken against him from March 31, 2010, until August 23, 2012 (Docket Entry No. 10, p. 2). There is no basis for his claim that the defendants retaliated against him for filing a lawsuit in 2010.

McNickles also argues that the defendants retaliated against him for filing a lawsuit against various health care workers in 2012. McNickles v. Isbell, No. H-12-2534. The defendants in that case are Nurse Practitioner Wanda Isbell, Dr. Betty Williams, Practice Manager Robert Dalecki, Nurse Christina Huff, and Officer Jose Nava. None are alleged to have engaged in retaliatory acts against McNickles in the complaint before this court. Other than McNickles's unsupported assertions, there is no indication that the defendants in this action were even aware of the complaint filed in No. H-12-2534. McNickles must do more than point out that he was disciplined after he filed a lawsuit against TDCJ-CID officials. See Enlow v. Tishomingo County, Miss., 45 F.3d 885, 889 (5th Cir. 1995). McNickles does not present any facts that show intent or causation. See Armenta v. Pryor, 377 F. App'x 413, 416-417 (5th Cir. 2010). His speculative and conclusory allegations fail to support an actionable retaliation claim. Shelton v. Lemons, 486 F. App'x 395, 397-398 (5th Cir. 2012).

Apart from asserting facts that do not demonstrate causation, McNickles fails to show that the disciplinary actions taken against

him were unfounded. McNickles complains that the drug testing was based on information found in his Facebook page. Prisoners do not have the same expectation of privacy enjoyed by citizens in the free world. Hudson v. Palmer, 104 S. Ct. 3194, 3200 (1984). Consequently, they may be subjected to searches and other intrusions conducted by custodial officials for any legitimate reason. Id. McNickles is serving a twenty-year sentence for delivery of a controlled substance. See McNickles v. State, 230 S.W.3d 816 (Tex. App. - Houston [14th Dist.] July 12, 2007). The alleged monitoring of McNickles' social media websites for possible drug activity is not an unreasonable measure given his criminal history and the intractable problem of controlled substances in the prisons. See Overton v. Bazzetta, 123 S. Ct. 2162, 2166-68 (2003) (noting the prison officials' need to maintain order in light of the increase of drug and alcohol abuse among the prisoner population in Michigan's state penal system); Hay v. Waldron, 834 F.2d 481, 485-486 (5th Cir. 1987) (recognizing the need for body cavity searches of inmates undergoing drug rehabilitation), citing United States v. Lilly, 576 F.2d 1240, 1246-47 (5th Cir. 1978); Arruda v. Fair, 710 F.2d 886, 888 (1st Cir. 1983).

Furthermore, McNickles has not shown that his rights were violated by the disciplinary action taken against him. Prisoners have limited rights in administrative disciplinary hearings. Wolff v. McDonnell, 94 S. Ct. 2963, 2975 (1974). McNickles is entitled to the following rights at such a proceeding: (1) a written notice

of the charges given at least twenty-four hours before a scheduled hearing; (2) in front of an impartial tribunal; (3) where the inmate has the right to present evidence in his behalf, including the qualified right to call witnesses; and (4) a written statement regarding the evidence relied upon and the reasons behind the disciplinary action taken. Id. at 2978-79. He admits that he was afforded these rights (Docket Entry No. 10, p. 3). He also states that the hearing officer's decision was reversed and his records were expunged. Id.; Docket Entry No. 1, p. 6. Consequently, he suffered no formal punishment. His only complaint is that he was unable to enroll in a program that would have hastened his parole eligibility. McNickles cannot support an actionable complaint based on frustration of his plans for parole because he has no right to be released before the expiration of his sentence. Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 99 S. Ct. 2100 (1979); Wottlin v. Fleming, 136 F.3d 1032, 1037 (5th Cir. 1998). Moreover, he cannot base his complaint on his assertion that he was accused of something that he did not do. Harris v. Smith, 482 F. App'x 929, 930 (5th Cir. 2012), citing Collins v. King, 743 F.2d 248, 253 (5th Cir. 1984). McNickles fails to assert an actionable complaint concerning the disciplinary charge that was brought against him.

McNickles also complains that some of his personal property was lost or destroyed. An inmate's claim that the defendants deprived him of his property does not state a cause of action where

the state provides a remedy. Hudson v. Palmer, 104 S. Ct. 3194 (1984); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).

Texas law provides an adequate remedy for unauthorized taking of property. See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995). McNickles submitted his grievances seeking reimbursement for his lost items (Docket Entry No. 10-1, pp. 1-4). The prison administration responded to McNickles' Step 2 grievance by stating that he had signed the property inventory when it was taken and when it was returned indicating that the items listed were correct. Id. Consequently, there was no evidence to support his claim that his property was taken from him. Id. McNickles' dissatisfaction with the result of the grievance process does not support a civil rights violation. Geiger, 404 F.3d at 374.

McNickles filed this civil rights action while he was incarcerated pursuant to a state felony conviction. He also filed an Application to Proceed In Forma Pauperis, which the court previously granted. Consequently, his complaint is subject to the provisions of 28 U.S.C. § 1915A, as well as 28 U.S.C. § 1915(e). See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). This action is frivolous because it has no legal basis. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

### IV. Conclusion

The court **ORDERS** the following:

(1) The prisoner civil rights complaint (Docket Entry No. 1), filed by Inmate Carlos McNickles, TDCJ-CID

-11-

       No. 1388721, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

(2)    The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 23rd day of May, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE